# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kurt A. Beseke, | Civil No. 17-4971 (DWF/KMM) |
| Plaintiff, | **ORDER** |
| v. | |
| Equifax Information Services LLC | |
| Defendant. | |

E. Michelle Drake, Esq., and John G. Albanese, Esq., Berger & Montague, PC; and John H. Goolsby, Esq., Goolsby Law Office, LLC, counsel for Plaintiff.

Billie B. Pritchard, Esq., Meryl W. Roper, Esq., and Zachary Andrew McEntyre, Esq., King & Spalding LLP; and Christopher J. Haugen, Esq., Joseph W. Lawver, Esq., and Terri A. Running, Esq., Messerli & Kramer P.A., counsel for Defendant.

---

This matter is before the Court on Defendant Equifax Information Services LLC's ("Equifax") Motion to Certify Interlocutory Appeal (Doc. No. 140) pursuant to 28 U.S.C. § 1292(b). Plaintiff Kurt A. Beseke ("Beseke") opposes Equifax's motion.[1] (Doc. Nos. 150, 155.) For the reasons set forth below, the Court denies Equifax's motion.

The factual background for the above-entitled matter is clearly and precisely set forth in the Court's November 22, 2019 Order and is incorporated by reference here.

---

[1] The Court granted the Equifax's unopposed motion to file a Reply to Beseke's opposition and permitted Beseke to file a Sur-reply. (Doc. No. 153.)

(*See* Doc. No. 138 ("November Order").) The Court notes particular facts relevant to this Order below.[2]

On October 11, 2018, Beseke sued Equifax on behalf of himself and two putative nationwide classes. (Doc. No. 1.) The Court bifurcated the case with discovery and motion practice on Beseke's individual claims to precede class certification discovery. (Doc. No. 22.) Beseke alleged on behalf of himself and a putative class that Equifax willfully and/or negligently violated the "obsolescence" provision of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681c(a) by including information about his Chase Mortgage in one or more consumer reports after the period allowed by statute. (Doc. No. 32 ("Sec. Am. Compl.") ¶¶ 66-70 ("Count I"); *see also* 15 U.S.C. § 1681c(a).) Beseke also alleged on behalf of himself and a putative class that Equifax willfully and/or negligently violated the "accuracy" provision of the FCRA pursuant to § 1681e(b) by failing to include a "Date of First Delinquency" in consumer reports. (Sec. Am. Compl. ¶¶ 71-75 ("Count II"); *see also* 15 U.S.C. § 1681e(b)). Finally, Beseke alleged on behalf of himself that Equifax willfully and/or negligently violated the "reinvestigation" provision of the FCRA pursuant to § 1681i by failing to conduct a reasonable reinvestigation when Beseke disputed the accuracy of information about his Chase Mortgage and by failing to modify his file thereafter. (Sec. Am. Compl. ¶¶ 76-80 ("Count III"); *see also* 15 U.S.C. § 1681i).

---

[2] The Court also supplements the facts as needed.

On May 14, 2019, Beseke moved for summary judgment on Count I (Doc. No. 61) and Equifax moved for summary judgment on all counts (Doc. No. 76). On November 22, 2019, the Court granted in part Beseke's Motion for Partial Summary Judgment (Doc. No. 61) and denied Equifax's Motion for Summary Judgment (Doc. No. 76).[3] (November Order.) In the November Order, the Court found that Equifax negligently violated § 1681c(a)(4) of the FCRA pursuant to 15 U.S.C. § 1681, *et seq.*[4] (*See* November Order.) The Court found that whether Equifax violated § 1681c(a)(4) willfully was a question of fact for the jury. (November Order at 32.) The Court denied Equifax's motion because it found that there were questions of material fact with respect to Counts II and III. (*Id.*)

Equifax now moves to certify the November Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Beseke opposes the Motion. While Equifax does not clearly define the question it wishes to certify, the Court understands that Equifax seeks appellate review on whether it can be liable under § 1681c(a)(4) when it was not notified that Beseke's mortgage account was placed for collection.[5] (Doc. No. 141 ("Equifax Memo.") at 1-2.)

---

[3] The Court delayed its ruling per the parties' joint request pending settlement discussions. (Doc. No. 137.)

[4] Section 1681c(a)(4) of the FCRA prohibits consumer reporting agencies from reporting "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4).

[5] In lieu of a defined question, Equifax asserts that "[t]he Court determined that a consumer reporting agency ("CRA") negligently violates the [FCRA]—specifically, 15, U.S.C. § 1681c(a)(4)—when it does not remove an account that was placed for collection

Section 1292(b) creates a narrow exception to the final judgment rule and allows district courts to certify orders for interlocutory appeal if certain criteria are satisfied and the district court determines that certification is appropriate. *See* 28 U.S.C. § 1292(b); *see also TCF Banking and Sav., F.A. v. Arthur Young & Co.,* 697 F.Supp. 362, 366 (D. Minn. 1988). The statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Section 1292 is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *Union Cnty., Iowa v. Piper Jaffray & Co.,* 525 F.3d 643, 646 (8th Cir. 2008) (quotation omitted). Thus, a motion for certification for interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix,* 43 F.3d 374, 376 (8th Cir. 1994) (noting that "[i]t has . . . long been the policy of the courts to discourage

---

after the specified time period, even when it is undisputed that the CRA was never notified that the account was placed for collection," and claims that "the decision directly conflicts with an opinion from the United States Court of Appeals for the Sixth Circuit and is at least inconsistent with a decision issued by numerous other courts." (Equifax Memo. at 1-2.) Equifax contends that "[a]t a minimum, this reveals substantial grounds for disagreement on this question." (*Id.* at 2.)

piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants").

Here, Equifax argues that its question satisfies the criteria for interlocutory appeal because Plaintiff's putative class claims hinge on its outcome, the scope of the second phase of litigation and eventual trial depend on the proper resolution of the issue, and the Court's conclusion conflicts with other court opinions and legal authority. (Equifax Memo. at 5, 7-16.) Beseke opposes Equifax's motion, arguing that it should be denied because there is no controlling question of law, appellate review will not materially advance the ultimate termination of litigation, and there is no substantial ground for difference of opinion. (Doc. No. 150 ("Beseke Opp.") at 6-13.)

Having reviewed the parties' submissions, the Court finds that Equifax has failed to demonstrate that the circumstances here warrant the extraordinary relief of interlocutory review. As a threshold matter, the Court finds that Equifax's framing of its question misconstrues the court's holding as an improper attempt to seek review of a ruling it does not agree with.

The November Order addressed Equifax's argument that it was not liable under § 1681c(a)(4) because it was not properly notified that the account was placed in collection. The November Order did not find that a consumer reporting agency's knowledge of whether an account has been placed for collection was irrelevant to whether it violated § 1681c(a)(4); rather, the November Order found that Chase provided Equifax with all information required pursuant to the FCRA, and that the onus was on

Equifax to use that information appropriately.[6] In short, the Court found that while Equifax had sufficient information to comply with § 1681c(a)(4) of the FCRA, Equifax did not do so. While Equifax disagrees with the Court's ruling, Equifax has failed to demonstrate the existence of a controlling legal question suitable for interlocutory review.

Even assuming that the November Order contained a controlling question of law, the Court finds that an interlocutory review will actually delay the litigation. Specifically, the Court finds that a violation under § 1681e(b) for failure to assure maximum possible accuracy by not including a "Date of First Delinquency" in consumer reports does not hinge on whether it violated the obsolescence provision under §1681c of the FCRA. Indeed, inaccurate or incomplete reporting that creates a misimpression as to the age of a delinquency remains a distinct and viable claim whether or not Equifax failed to exclude obsolete information. Accordingly, appellate review will not materially advance the ultimate termination of litigation because Count II persists either way.

Finally, the Court notes that the November Order distinguished the Sixth Circuit case which Equifax now contends conflicts with the Court's decision. (*See* November Order at 20, n.18.) Specifically, the Court observed that *Spence v. TRW, Inc.*, 92 F.3d 380, 383 (6th Cir. 1996) predated the amendment to the FCRA which required Chase to provide the date of the commencement of the delinquency. (*Id.* at 20, n.18.) The Court explained that Equifax, unlike the credit reporting agency in *Spence*, knew that the Chase

---

[6] The Court cited the Compliance Provision of the FCRA, § 1681e(b), to assert that the onus was on Equifax to establish reasonable procedures to assure maximum possible accuracy of the information it reports. (November Order at 19-20.)

Mortgage was delinquent, and knew exactly when the delinquency began. (*Id.*) While Equifax contends that the distinction is irrelevant, the Court disagrees—indeed, *Spence* would be far more persuasive if it addressed the same version of the FCRA. The Court based its decision on the plain language of the FCRA, including the duties imposed on furnishers and on credit reporting agencies, guidance from the Federal Trade Commission, and the Seventh Circuit's decision in *Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 942 (7th Cir. 2007). (November Order at 17-23.) The Court finds that Equifax has not shown that there is substantial ground for difference of opinion.

In sum, the Court finds that Equifax has failed to meet the "heavy burden" of demonstrating that certification is warranted. Therefore, Equifax's motion for certification is denied.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Equifax's Motion to Certify Interlocutory Appeal (Doc. No. [140]) is **DENIED**.

Dated: January 13, 2020                     s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge